# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA PRESTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-255** |
| **DARREL VANNOY, WARDEN** | **SECTION "D" (1)** |

## ORDER AND REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] the Response to the Petition,[2] Petitioner's Traverse to the Response,[3] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[4] and the failure of Petitioner to object to the Report and Recommendation,[5] approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. In doing so, the Court notes that it has construed Preston's *pro se* Petition and pleadings liberally.[6]

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial

---

[1] R. Doc. 3.
[2] R. Doc. 17.
[3] R. Doc. 21.
[4] R. Doc. 22.
[5] Plaintiff had fourteen days in which to file objections to the Magistrate Judge's Report and Recommendation. *See* R. Doc. 22; *see also* 28 U.S.C. § 636(b)(1). Objections were therefore due on or before May 19, 2021. Because of Plaintiff's *pro se* status, the Court waited an additional week past the May 19, 2021 deadline before adopting the Magistrate Judge's Report and Recommendation.
[6] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

of a constitutional right."[7] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[8] "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."[9] After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right and that reasonable jurists would agree with that finding. The Court, therefore, denies Petitioner a certificate of appealability.

**IT IS ORDERED** that Joshua Preston's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

New Orleans, Louisiana, May 26, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[7] 28 U.S.C. § 2253(c)(2).
[8] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[9] *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).